# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ADAM S. BOLDS,

    Plaintiff,

vs.                                Case No. 4:13cv420-RH/CAS

JAMES BLACKWOOD, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

On October 15, 2013, Plaintiff submitted to this Court a notice of inquiry, doc. 10, seeking to know whether the initial partial filing fee (59 cents) had been received. Doc. 7. The initial partial filing fee was received on October 7, 2013, doc. 9. Thus, Plaintiff's complaint, doc. 1, may now be reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's civil rights complaint is against two Defendants, Assistant Warden James Blackwood and Warden Scott Crews. Doc. 1 at 1. In Section II, Plaintiff provides addresses for those Defendants at the Florida Department of Corrections headquarters in Tallahassee. Doc. 1 at 2. That is not correct as the Defendants are assigned to a particular Correctional Institution; indeed, Plaintiff's allegations reveal the Defendants are at Taylor Correctional Institution where Plaintiff is housed. Doc. 1 at 5.

Plaintiff's complaint is also deficient because Plaintiff did not set forth each factual allegation in separately numbered paragraphs as is required by Federal Rule of

Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). In its present form, the complaint could not be appropriately responded to by the Defendants.

Most importantly, Plaintiff's allegations do not reveal the deprivation of a constitutional right. Plaintiff complains that he tripped and fell on April 13, 2013, injuring his right foot or ankle, because there were missing pieces of concrete from the sidewalk. Doc. 1 at 5. Plaintiff alleges the Defendants "were deliberately indifferent to the Plaintiff's health and safety when they foreseen a safety hazard within the infrastructure of the sidewalk area don compound 2 and they decided that fixing and repairing the sidewalk area was not important to the safety and health of the inmates at Taylor Correctional Institution." *Id.* Plaintiff seeks one million dollars in compensatory damages and ten thousand dollars in punitive damages from each Defendant for the alleged Eighth Amendment violation in not repairing the sidewalk. *Id.* at 7.

"Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones." Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003), citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). The treatment of prisoners, as well as the conditions under which prisoners are confined, is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. Helling v. McKinney, 509 U.S. 25, 31, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993). Yet prison conditions rise to the level of an Eighth-Amendment violation only when they involve the wanton and unnecessary infliction of pain. Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002); Farrow, 320 F.3d at

1242.  Thus, to demonstrate a viable Eighth Amendment claim, Plaintiff must satisfy both an objective and subjective inquiry.  Farrow, 320 F.3d at 1243.  Under the objective component, Plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).  The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health."  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004).  Under the subjective component, the prisoner "must show that the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue."  Chandler, 379 F.3d at 1289, *citing* Hudson, 503 U.S. at 8, 112 S.Ct. at 999.  An official must be "deliberately indifferent" to a known risk, although the official need not have acted "with the very purpose of causing harm or with knowledge that harm [would] result.' "  Farmer, 511 U.S. at 837, 114 S.Ct. at 1979, *quoted in* Chandler, 379 F.3d at 1289-90.

In this case, Plaintiff's claim against the Defendants for not repairing a concrete sidewalk falls short of this standard.  Deliberate indifference exceeds the standard for negligence.  That someone may trip on the concrete sidewalk is a risk, but it is not a risk of "serious" harm.  This condition does not rise to the level of an "extreme" prison condition.  *See* Levy v. Washington State Dep't of Corr., Case No. C12-5236, 2013 WL 1855857, at *9 (W.D. Wash. Mar. 15, 2013) (holding that claim by inmate who tripped and fell over a sprinkler head hole in the recreation yard did not "rise to an extreme deprivation or denial of life's minimum necessities"), *citing* Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989) (holding that slippery floors, without more, did "not state even an arguable claim for cruel and unusual punishment"), superseded by statute on other

grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130–31 (9th Cir. 2000); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (shackling a dangerous inmate in shower, even if he might fall on slippery floors, does not violate the Eighth Amendment); Tunstall v. Rowe, 478 F.Supp. 87 (N.D.Ill.1979) (finding plaintiff's injury due to falling on greasy staircase was "not cognizable as cruel and unusual punishment" in violation of the Eighth Amendment and noting "prisoner officials are not under a constitutional duty to assure that stairs in the prison are not greasy"); Robinson v. Cuyler, 511 F.Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor does not inflict cruel and unusual punishment); Snyder v. Blankenship, 473 F.Supp. 1208, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment). Plaintiff does not have a constitutional right that requires prison officials to repair cracked sidewalks and this claim is insufficient. This case should be dismissed for failure to state a claim upon which relief may be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 21, 2013.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**